[No. 1165.]

## SAMUEL BROWN, Respondent, *v.* ALVARO EVANS, Appellant.

Contract—Covenants in Deed—Use of Water.—In construing the conditions of a deed which gives the grantee the right to take sufficient water from certain ditches "to irrigate the land conveyed, and for domestic purposes, to an amount not exceeding two hundred inches," upon condition that he should pay *pro rata* as the amount of water he uses on the land conveyed shall bear to the whole amount of water that is conveyed in said ditches, for any needed repairs of said ditches: *Held*, that the grantee has the option of using whatever amount of water he deems sufficient for these purposes, and is not liable for the expenses incurred in repairing the ditches beyond a *pro rata* proportion, based upon the quantity of water actually used or demanded by him.

Idem—Notice of Amount of Water Needed—Estoppel—Evidence.—If the grantee gives notice to the grantor that he requires a specific quantity of water, for the purposes mentioned in the deed, and the same is furnished to him, he is estopped from denying that he did not need the amount specified in his notice and did not use it. And, in an action against him to recover his proportionate share of the expenses of repairing the ditches, such notices, as long as they remain unchanged, are admissible in evidence to show the quantity of water required and used by him.

Appeal from the District Court of the Seventh Judicial District, Washoe County.

The facts are stated in the opinion.

*C. S. Varian* and *P. Evans*, for Appellant :

I. The deed of respondent's grantor to appellant fixes the rights of the parties. Plaintiff's instruction No. 1 cannot be reconciled with the other instructions. The deed required plaintiff to keep two hundred inches in the ditches at defendant's disposal. It permitted, but did not require defendant to take two hundred inches or less. It only obliged him to pay a *pro rata* based upon the quantity actually used by him. The complaint alleges an actual use of two hundred inches, and founds the cause of action thereon. The court elsewhere construes the deed and instructs the jury that it was plaintiff's duty to keep sufficient water in one or other of his ditches to enable defendant to take his two hundred inches ; that defendant was not obliged to take any

water unless he chose to do so, and that he was not liable except for a *pro rata* based upon the quantity of water actually used. The four letters or notices were admitted for a single purpose and were restricted to such purpose. What sort of a practice is it that authorizes a court to admit evidence against objection for a single purpose—in this case to show the quantity of water used—and then in its charge to the jury to treat it as being in for other purposes ? The instruction proceeds upon some unknown and undeveloped rule of estoppel. Just as if any act of appellant in aid of a right given him by his deed could estop him. It is impossible to say that the instructions were not conflicting. If these instructions had not been given, it well may be, the jury would have given credit to the evidence of appellant and his witnesses, and found accordingly. However that may be, he is certainly entitled to a trial in which the triers of fact may be permitted to consider his side of the case.

II. Upon question of estoppel see 33 Cal. 84 ; *Wilder* v. *Cowles,* 100 Mass. 47 ; *Vanslyck* v. *Mills,* 34 Iowa 375 ; *Chicago R. R. Co.* v. *Payne,* 49 Ill. 499 ; *Clem* v. *State,* 31 Ind. 480 ; *R. R. Co.* v. *Stallman,* 22 Ohio St. 1.

*Robert H. Lindsay,* for Respondent :

I. All we ask for the deed is a reasonable construction, one warranted by its language, the situation of the parties and the subject matter of the grant (3 Wash. Real Pr. 333). It is simply a grant of sufficient water to irrigate, etc., not to exceed two hundred inches. If less than two hundred inches of water will meet defendant's requirements for irrigating and domestic purposes, then the surplus is not granted. Now, taking the language used in the grant, the situation of the parties and the subject matter of the grant, who is to be the judge of how much water defendant will require *"under the deed ?"* Plainly the defendant himself. He, judging for himself, notifies the plaintiff that he shall *"require"* the full two hundred inches. Plaintiff, at trouble and expense, furnishes it to him, and on several occasions sees him in the actual use of it. Under these cir-

cumstances does it lie in the mouth of defendant to say that he used only fifty inches ?

II. Defendant is estopped from denying that he used less water out of plaintiff's ditches than two hundred inches. (*Davis* v. *Davis*, 26 Cal. 23; *Bowman* v. *Cudworth*, 31 Ib. 148; *Welland Canal Co.* v. *Hathaway*, 24 Am. Dec. 51.) Such an estoppel need not be pleaded, especially in a case such as the one at bar, where we have no opportunity to plead it. We could not anticipate defendant's defense. (*Flandreau et al.* v. *Downey*, 23 Cal. 354; *Welland Canal Co.* v. *Hathaway*, *supra*.)

By the Court, HAWLEY, C. J.:

Respondent recovered judgment against appellant for four hundred and seventy-four dollars and four cents for his proportionate part of the expenses of keeping certain water ditches in repair, under and by virtue of a clause in a deed executed by respondent's grantor to appellant, as follows : "Said first party also hereby conveys to the second party, his heirs and assigns, the right to take sufficient water from either of said ditches above named to irrigate the land above conveyed, and for domestic purposes, to an amount not exceeding two hundred inches, under a six-inch pressure, upon condition that the second party, his heirs or assigns, shall pay *pro rata* as the amount of water he or they use on the land herein conveyed shall bear to the whole amount of water that is conveyed in both of said ditches for any needed repairs or enlargement of said water ditches, or either of them."

In respondent's complaint it is alleged "that between the * * * first day of August, A. D. 1879, and the thirtieth day of June, A. D. 1882, the needed repairs of both of said ditches amounted to the sum of two thousand four hundred and eighty-eight dollars and seventy-five cents, which amount said plaintiff has paid, laid out, and expended for said needed repairs on both of said ditches during said period ; that the quantity of water run in both of said ditches continuously during the time last aforesaid has been

one thousand and fifty inches, under a six-inch pressure, and no more ; that during the time last aforesaid defendant has used continuously from said ditches the full amount of two hundred inches of water, under a six-inch pressure, for irrigating and domestic purposes."

Appellant, in his answer, denies that the needed repairs exceeded the sum of one thousand seven hundred dollars, and denies that he used more than fifty inches of water, under a six-inch pressure. He did not deny the averment in the complaint as to the quantity of water running in the ditches.

Upon the trial respondent testified that the expenses of repairing the ditches amounted to two thousand four hundred and eighty-eight dollars and seventy-five cents, as alleged in his complaint, and there was no testimony to the contrary. Upon the issue of fact, as to the amount of water actually used by appellant, there was a conflict of evidence. Respondent testified that at several times during the period mentioned in the complaint he had seen two hundred inches of water flowing into appellant's boxes and ditches. Appellant testified that during the period mentioned " he never used for irrigating or domestic purposes more than fifty inches from plaintiff's ditches," and that that quantity was sufficient to irrigate his land.

During the trial respondent offered in evidence several notices and letters written by appellant to respondent, relative to the use of the water, the amount required by him, etc. Appellant objected to their admission in evidence upon the ground that they were "incompetent, irrelevant, and immaterial ;" that they were written prior to a settlement between the parties in 1879, and prior to the alleged causes of action ; that they were too remote, and did not reflect upon the present issues ; "that the deed mentioned in the complaint fixed the rights and duties of the parties, and under it the plaintiff was required to keep said quantity of two hundred inches flowing in the ditches, ready for defendant's use ; and that no act or declaration of the defendant could add to or restrict that duty." The court allowed

the notices and letters to be read in evidence "for the purpose only, as limited by the court, of reflecting upon the quantity of land irrigated by defendant and the quantity of water used by him."

At the close of the testimony the court gave to the jury the following instruction : " If you believe, from the evidence, that the defendant, prior to August, 1879, demanded of plaintiff, and notified plaintiff that he would require, two hundred inches of water (and that said demand had not been altered or rescinded) out of the ditches referred to, and that plaintiff, weather and unavoidable accidents permitting, kept the said water at the disposal of defendant during the time mentioned in the complaint as the time for which repairs are charged, then you will find for the plaintiff for such sum as you may find, reckoning as one thousand and fifty is to two hundred so is two thousand four hundred and eighty-eight and seventy-five one hundreths to the amount to be found, provided that you further find from the evidence that the plaintiff made the repairs charged for, and that such repairs were necessary on said ditches, and that the charges therefor are correct."

The questions whether the court erred in admitting the notices and letters, or in giving this instruction, will be considered together. Appellant contends that, under the language in the deed, it is the duty of respondent to keep two hundred inches of water running in the ditches, and that appellant may use as much or as little of that amount as he pleases, and that he is only bound to pay a *pro rata* proportion for the amount of water which he actually uses. Is this interpretation correct? The grantor conveyed as much water as is sufficient to irrigate certain land and for domestic purposes, to "an amount not exceeding two hundred inches, under a six-inch pressure." Under this provision appellant did not acquire any title to any greater quantity of water than is sufficient " to irrigate the land " mentioned in the deed "and for domestic · purposes." If ten inches is sufficient, that is all he is entitled to. If it takes two hundred inches, he is entitled to that amount,

subject, of course, to the other conditions in the deed, which are not in issue in this case.   Whatever amount is required, it is the duty of the respondent to keep running in the ditches, ready for appellant's use.   But respondent is only required to furnish the quantity of water sufficient to irrigate the land and for domestic purposes.   Appellant has the option of using whatever amount is deemed sufficient for these purposes, and is not liable for the expenses incurred in repairing the ditches beyond a *pro rata* proportion, based upon the quantity of water actually used or demanded by him.   The question as to the amount of water required by appellant would be, primarily, at least, determined by himself.   If he notifies respondent that he needs and requires the full amount of two hundred inches, respondent would have the right to turn on that amount of water in the ditches, and to charge him for that proportion of the expenses incurred in the repairs of the ditches, whether the water was actually used by appellant or not.   After giving respondent notice that he requires a specific quantity of water, appellant could not, in good conscience and fair dealing, be permitted to say that he did not need the amount demanded, and did not use the same.   In this view of the case, the notices and letters were admissible for the purpose of determining the quantity of water required and used by appellant.

A brief statement of the contents of the notices and letters will show that the court did not err in giving the instruction complained of.   In the letter dated March 5, 1878, appellant called respondent's attention to the fact that he had a few days previously notified him that the water would be wanted for irrigation, and closes by demanding that the water be turned on "at least one hundred inches in each ditch."   In the notice of March 11, 1878, after reciting the clause in the deed with reference to his rights, he says : "You will please take further and particular notice that on or about the first day of April, A. D. 1878, (if you do not on or before that time repair said ditches yourself and assess *pro rata*,) it is the intention of the undersigned,

as the grantee aforesaid, by virtue of ownership of said two hundred inches of water, and the direct and implied authority to the undersigned in said indenture, to repair said ditches as aforesaid, sufficient to obtain said two hundred inches of water for irrigation and domestic purposes, and any interference upon your part with the full and direct flow of said two hundred inches of water in either of said ditches, as the undersigned may elect, either by selling the same or shutting the water off at the head, or any intermediate point upon said ditches, or using any other means whereby the undersigned will be prevented from a full and uninterrupted use of all rights granted him by said indenture, * * * will be fully resisted according to law in such cases made and provided." On the twenty-fourth of January, 1879, a similar notice was given, in which the following language is used: "You are hereby notified that I am ready and willing at all times, and under all circumstances and conditions, to perform the conditions devolved upon me by virtue of said deed of conveyance, and even more when an equitable necessity shall arise; that by virtue of my rights aforesaid, and the willingness specified to fulfill any condition devolved upon me thereby, I hereby demand for irrigation and domestic purposes, under the claim in my deed of conveyance, * * * an undivided two hundred inches of water for irrigating purposes during the irrigating season, and twenty-five inches during the fall, winter and spring seasons for domestic purposes. You are further notified that if said twenty-five inches of water are not furnished forthwith for domestic purposes, as aforesaid, and two hundred inches for irrigation purposes, as aforesaid, in due and proper time, without notice, suit will be commenced against you to compel specific performance of all conditions and rights accruing to me as grantee of Nevada Land and Mining Company (Limited)."

These notices are clear, positive and explicit, to the effect that appellant requires two hundred inches of water for the irrigation of his land. He demands that that amount be furnished him for that purpose, and threatens to

bring suit if any portion of it is withheld. By the giving of these notices he is estopped from denying that he " continuously used " the full amount required and demanded by him. The other objections are without merit. The settlement referred to was a compromise made by the parties (in a similar action) for a prior period of time. Respondent accepted a less amount than he sued for, and gave a receipt for the amount paid, it being " stipulated, understood, and fully agreed that the money paid aforesaid, and the conditions under which it was paid, there having been a dispute as to the exact amount due, and the above amount having been paid as a compromise, shall in no manner or way affect any subsequent settlement that may be made between the said Evans and myself ; but that all settlements hereafter entered into shall be made by virtue of, and under a construction " of, the deed.

The fact that the notices were given prior to the commencement of this action is immaterial. The demands for two hundred inches of water have never been withdrawn. The requests, demands and threats of litigation were continuous in their nature. Respondent had the right to act under these notices ; to furnish the water to the extent required, and collect that proportion of the expenses for the repairs of the ditches as long as these requests and demands remain unchanged. He might have submitted his case upon the notices and letters written by appellant, without introducing any testimony as to the amount of water actually used, and the court did not err in withdrawing from the consideration of the jury (as it did in the instruction) the testimony of appellant to the effect that he only used fifty inches of water, and that that amount was sufficient " to irrigate the land." The purposes for which the notices were admitted in evidence were broad enough to have the effect of an estoppel as to the quantity of water needed to irrigate the land, and appellant could not have been misled or deceived by the giving of an instruction to that effect. If he had ever withdrawn his demands or changed his requests it was his duty, and he had the oppor-

tunity, to testify to that effect. There is no error in the
record prejudicial to appellant.

The judgment of the district court is affirmed.